# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| **THOMAS BURRELL, ET AL.** | **PLAINTIFFS** |
| VS. | Civil Case No. 4:19-cv-124-NBB-JMV |
| **CONCEPT AG., LLC, ET AL.** | **DEFENDANTS** |

## ORDER

Before the Court for consideration are two motions for joinder as plaintiffs. The first is Joe Bryant, Jr.'s motion to join this action as a party-plaintiff pursuant to Rule 20 of the Federal Rules of Civil Procedure [90]. The second is a motion by Rick Prowell, Sr., to join as a party-plaintiff pursuant to Rule 20 [122]. For the reasons explained below, both motions are denied.

**The Instant Action**

The instant action is one transferred here from the Western District of Tennessee. Though the amended complaint [66-67] is over 49 pages in length, it can be succinctly summarized as follows:

Plaintiffs are five African American farmers and a limited liability company operating in the Mississippi Delta and Louisiana. Plaintiffs allege that in 2017 the defendants conspired to defraud them by selling them certain varieties of what was purported to be Stine certified soybean seed that was at some point switched with inferior seed in a warehouse in Sledge,

Mississippi, which resulted in a reduced yield that crop year. According to Plaintiffs, this scheme was motivated by racial animus.

**Joe Bryant, Jr.'s Motion to Join Pursuant to FRCP 20**

Proposed plaintiff, Joe Bryant, Jr., on the other hand, is, or was, apparently an African-American farmer in Arkansas whose son, Joe Bryant, III, alleges by way of a "declaration" [91] in support of the motion to join that on April 16, 2010, he, Joe Bryant, III, purchased and was delivered 40 lbs. of Stein soybean seed. He asserts he planted the seed, which yielded approximately 10 bushels per acre. However, in prior years when he planted something other than a Stine variety, his yield was approximately 40 bushels per acre. Joe Bryant, III, also claims that in the following year, 2011, a partnership, J. N. Bryant, Jr. Farms Partnership, purchased $54,360.00 worth of Stein seed, which produced again only approximately 10 bushels per acre. According to the declaration, Joe Bryant, III, suffered monetary damages in 2010 and 2011 as a result of the alleged reduced yields.

**Analysis**

Rule 20 states in pertinent part:

> [P]ersons may [be] join[ed] in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

FED.R.CIV.P. 20(a)(1)(A)-(B).

On its face, the instant Motion for joinder is without merit.[1] To begin, the proposed plaintiff is Joe Bryant, Jr., but no facts are alleged to support any claim for damages by Joe

---

[1] If this motion is refiled at any point, counsel are directed to brief in connection therewith whether a non-party may properly move to be joined under Rule 20 (as opposed to moving for leave to intervene under FRCP 24). The undersigned notes there appears to be some authority for requiring that such a motion be asserted by the existing parties to the action. Furthermore, if re-urged, the movant is directed to brief whether FRCP 15, including its accompanying requirement of an attached proposed amended complaint, must be addressed in connection therewith.

Bryant, Jr. (as noted, the only facts asserted in support of motion to join are to the effect that Joe Bryant, III, and a partnership suffered soybean yield losses in the in 2010 and 2011 resulting in alleged damages to Joe Bryant, III). Moreover, the motion for joinder involves specific conduct occurring not in 2017 as is alleged in the amended complaint, but over ten to eleven years ago and not in either Mississippi or Louisiana, but in Arkansas. Not even the same varieties of seed or the same proposed individual defendants are involved. In short, the suggestion that the facts alleged to support the motion to join meet the twin requirements of Rule 20 is demonstrably not colorable.

**Rick Prowell, Sr.'s Motion to Join Pursuant to FRCP 20**

Likewise, Prowell's Motion is without merit. Again, as the Stine Defendants point out, while the current Plaintiffs allege they are victims of a racially motivated seed-swapping conspiracy perpetuated by Kevin Cooper and Greg Crigler in a warehouse in Sledge, Mississippi in 2017, Prowell, on the other hand, contends he is unhappy with the yield from Stine seed he purchased from "Farmers Supply Company in Marvell, Arkansas" in 2017 and 2018 and which seed was planted in Arkansas. Because Prowell's claim involves different sellers, different economic transactions, different states, and different time periods, his claim does not arise from the same transaction or occurrence as the current Plaintiffs' claims, and proof at trial would not involve common facts.

So Ordered this 28th day of February, 2020.

/s/ Jane M. Virden
U. S. Magistrate Judge